**SO ORDERED.**

**SIGNED this 09 day of August, 2007.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| LINDA LOUISE COHEN | 07-02262-8-RDD |
| DEBTOR | |

**ORDER DENYING MOTION FOR SANCTIONS**

This matter is before the court on the debtor's motion for sanctions against the City of Wilson, North Carolina for violation of 11 U.S.C. § 366. A hearing was held in Wilson, North Carolina on August 9, 2007.

At the hearing, Mr. Phil Gardner, employee of the City of Wilson, testified that the debtor had a utility account with the City of Wilson at the time of her bankruptcy filing on Thursday, June 21, 2007 at 11:10 a.m. At that time, she was over three months delinquent on her account with the city. The debtor's utility services were disconnected on the morning of Friday, June 22, 2007. At that time, the city had no knowledge of the debtor's bankruptcy filing. On the afternoon of June 22, 2007, the debtor appeared at the city offices, where she met with Mr. Gardner. At that time, she presented Mr. Gardner with paperwork indicating that she had filed for bankruptcy relief on June 21, 2007. At that time, Mr. Gardner requested that the debtor make a security deposit prior to her

service being reconnected, as is required of all past-due accounts. Mr. Gardner offered to allow the debtor to pay, as a security deposit, $215.00, which was one-half of the amount owed on the account at that time. The remaining one-half would be due over a three-month period. The debtor explained that this arrangement would produce a hardship for her. She explained that her only income was received from Social Security disability payments, which she received on the 10th of each month. Because of Mr. Gardner's unfamiliarity with Social Security making payments on the 10th of the month, he requested documentation from the debtor. He indicated to the debtor that upon production of documentation indicating her payments were received on the 10th of the month, he would reconnect her utility service without payment of a security deposit at that time, and would wait for payment until July 10, 2007. On the morning of Monday, June 25, 2007, Mr. Gardner was contacted by an employee of the debtor's counsel, notifying him that the city was in violation of the Bankruptcy Code for failure to reconnect the debtor's utility service. Upon request, the employee faxed a copy of the applicable Bankruptcy Code section to Mr. Gardner for his review. After reviewing the information provided by the attorney's office, Mr. Gardner issued an order to reconnect the debtor's utility service during the early afternoon hours of June 25, 2007.

Mr. Gardner further testified that the debtor never paid a security deposit, as previously discussed. The debtor's post-petition utilities account with the city is currently one month past due. Mr. Gardner indicated that he is the only person with the city authorized to order the reconnecting of utility service, and he was not available to do so on Saturday, June 23, 2007 or Sunday, June 24, 2007, as he does not work on weekends.

Counsel for the debtor argues that the debtor's utility service should have been reconnected on Friday, June 22, 2007, upon her notification to the City of Wilson of her bankruptcy filing. He

argues that although 11 U.S.C. § 366 allows a utility provider to require a security deposit for reconnecting or continuation of service, it requires only that it be produced within the first 20 days after filing of the petition. Counsel argues that it was a burden for the debtor to be without power for a weekend and that the debtor should be compensated for that burden. Counsel also indicated that the debtor could not be present for the hearing of this matter as she has now moved her residence to Arizona.

Counsel for the City of Wilson argues that 11 U.S.C. § 366 does not address the issue before the court. Counsel further argues that the disconnection of the debtor's utility service and the failure to reconnect prior to June 25, 2007 was not a willful act and was not meant to punish the defendant. Counsel insists that the city acted as promptly as it could under the circumstances and will make a more diligent effort to address this issue, should it be faced with this situation in the future.

The court finds that the debtor filed her bankruptcy petition on June 21, 2007 at 11:10 a.m. On the morning of June 22, 2007, the debtor's utility service was disconnected by the City of Wilson because of her delinquency in payments for three months. At that time, the City of Wilson had no knowledge of the debtor's bankruptcy. On the afternoon of June 22, 2007, the debtor appeared at the offices of the City of Wilson and discussed the disconnection of her utility service with Mr. Phil Gardner. The debtor and Mr. Gardner then entered negotiations for a security deposit and reconnecting of the utility service. The parties continued to negotiate regarding the security deposit based upon the receipt of the debtor's Social Security check. The debtor's utility services were reconnected on the afternoon of June 25, 2007, after a paralegal with the debtor's attorney's office informed Mr. Gardner of an alleged violation of 11 U.S.C. § 366. As of the date of the hearing on this motion, the debtor had provided no notice to the City of Wilson that she is no longer residing

at her former residence.  As of the date of the hearing on this motion, the debtor has failed to pay the security deposit and has failed to pay for post-petition service provided by the City of Wilson.  As the debtor was not present at the hearing of this matter, no evidence of damages suffered by the debtor as a result of the disconnection of her utility service was presented.  There is no evidence of willful or intentional action or inaction by the City of Wilson.  Based on the foregoing, the debtor's motion for sanctions against the City of Wilson is **DENIED**.

    **SO ORDERED**.

**END OF DOCUMENT**